QUINN EMANUEL URQUHART & SULLIVAN, LLP

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600

David A. Nelson (*pro hac vice* application forthcoming)
davenelson@quinnemanuel.com
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Patrick D. Curran (Bar No. 241630)
patrickcurran@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100

S. Alex Lasher (*pro hac vice* application forthcoming)
alexlasher@quinnemanuel.com
Jeffrey Gerchick (*pro hac vice* application forthcoming)
jeffgerchick@quinnemanuel.com
Nina S. Tallon (*pro hac vice* application forthcoming)
ninatallon@quinnemanuel.com
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000

Attorneys for GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>             Plaintiff,<br><br>      vs.<br><br>SONOS, INC.,<br><br>             Defendant. | CASE NO. 22-4553<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Google LLC ("Google"), by and through its attorneys, and for its Complaint against Sonos, Inc. ("Sonos"), hereby alleges the following:

**NATURE OF THE ACTION**

2. Google brings this action against Sonos for infringement of U.S. Patent No. 11,024,311 (the "'311 patent"), U.S. Patent No. 9,812,128 (the "'128 patent"), U.S. Patent No. 9,632,748 (the "'748 patent"), and U.S. Patent No. 11,050,615 (the "'615 patent") (collectively, the "Asserted Patents").

**BACKGROUND**

3. Google was founded in 1998, and has a mission to organize the world's information and make it universally accessible and useful. Over the past two decades, in service of that mission, Google has become one of the world's most innovative technology companies. Google's revolutionary advances in search, computing, software, hardware, and voice-assisted technologies have resulted in improved services for millions of people worldwide.

4. As part of its commitment to innovation, Google has invested significantly in extensive research and development efforts. Google is the current assignee of tens of thousands of patents worldwide.

5. Google has pioneered advances at the heart of modern technology. Google's innovative voice-activated Google Assistant has transformed smart device management, connected homes, and mobile computing, and Google's innovations in multi-device management for voice control and device commissioning have made smart-home technology a user-friendly component of modern electronics. Google's innovations are key components for modern smart-home technologies.

6. Google makes its innovative technology available to users worldwide, and also to other companies – even providing its Google Assistant software to Sonos for many years. Google engineers have worked for years assisting and instructing Sonos engineers on the implementation of voice recognition and voice-activated device controls in Sonos's products. This software and

know-how, which Google provided to Sonos in the spirit of partnership and collaboration, helped drive demand for Sonos products.

## GOOGLE'S PARTNERSHIP WITH SONOS

7. Google partners with other companies to bring Google's innovations to millions of shared customers. In particular, Google has long had a continued partnership with Sonos. In these collaborations, Sonos has repeatedly asked Google for assistance, so that Sonos could employ Google technology to improve Sonos's products. In 2013, Sonos asked for Google's assistance to integrate with Google's popular Play Music service. Google gave Sonos that assistance, and provided significant engineering resources, technical support, and other resources to integrate Sonos's products with Google's Play Music service in 2014.

8. In 2016, Sonos again asked for Google's assistance–this time to integrate with Google's innovative Assistant software. And again, Google was willing to help. Google gave Sonos significant assistance in designing, implementing, and testing a solution that would bring Google's voice recognition software to Sonos's devices. This effort again involved substantial Google engineering resources, including significant months of employee work time, for the initial launch of Google's Assistant on Sonos's products in May 2019.

9. Google is proud of its multi-year partnership with Sonos, and has worked constructively with Sonos to make the companies' products work seamlessly by building special integrations for Sonos. For instance, when Google rolled out the ability to set a Sonos speaker as the default option for Google Assistant, it was the first time Google had done that for any partner company.

10. Sonos has made false claims about the companies' shared work and Google's technology in the lawsuits that Sonos filed against Google. While Google rarely sues other companies for patent infringement, it must assert its intellectual property rights here.

## SONOS'S INFRINGEMENT OF GOOGLE'S INTELLECTUAL PROPERTY

11. Google has patented inventions on innovative technologies for enabling voice assistant technology and that improve ease of use for smart home devices.  Sonos is using, without permission, these Google technologies in its products to enable multiple commercially-desirable

features. For example, Sonos has recently introduced its Sonos Voice Control feature to coordinate among voice-controlled devices and commission devices onto a wireless local area network, using technologies invented by Google. Sonos uses these technologies in a number of its products, including the Sonos One, Sonos One SL, Sonos Move, Sonos Roam, Sonos Roam SL, Sonos Five, Sonos Arc, Sonos Beam, and Sonos Ray.

12. Google's patented innovations are fundamental to the ability of Sonos's products to work together as user-friendly smart devices. Sonos acknowledges that for its products, "the real magic is in the software," and not in the "look and sound" of its speakers. *See* Ex. 5, (retrieved August 3, 2022), available at https://jobs.mindtheproduct.com/?post_type=job_listing&p=10065. Sonos freely admits as much on its own tech blog:

> Our software is the "magic."
>
> If you've used Sonos before, you know that the Sonos experience is more than just sounds coming from a speaker. It's the seamlessness of moving from room to room while listening to your favorite true crime podcast. It's the ease of asking your voice assistant to turn down the volume or convert ounces to cups while you're cooking. And it's the joy of soundtracking a picnic with a collaborative playlist on a speaker that weighs less than a pound.
>
> None of this would be possible without the hard-working software inside our speakers and components. "There's a perception that we're a hardware company because everything we sell is hardware," says Jim Dolan, Vice President, Software Development. "And the hardware is beautiful. It's amazing. But ***the magic of the system is the software***. The speaker itself does not enable the system; the software enables the system."

See Ex. 6, "5 Things We Want To Share With Our Future SVP, Software" (retrieved June 20, 2022), available at https://tech-blog.sonos.com/posts/things-we-want-to-share-with-our-future-svp-software/ (emphasis added). This software "magic" uses patented Google technology, and Google brings this case to defend that technology from Sonos's infringement.

13. Sonos is actively infringing Google's intellectual property, and is not licensed to use Google's patented inventions to implement the accused features described in this Complaint. Accordingly, Google has filed this suit to protect its intellectual property.

## THE PARTIES

14. Plaintiff Google LLC is a subsidiary of Alphabet Inc. with its principal place of business located in Mountain View, California.

15. Defendant Sonos, Inc. is a Delaware corporation with headquarters at 614 Chapala Street, Santa Barbara, California 93101.

## JURISDICTION AND VENUE

16. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. Sections 1331 and 1338(a).

17. This Court has personal jurisdiction over Sonos.  Sonos is registered to do business in the State of California (Registration No. C2465272), has its headquarters in the State of California, and has offices in this District.  Sonos, directly and through agents, regularly does, solicits, and transacts business in this District and elsewhere in the State of California.  Those acts have caused injury to Google, including within this District.

18. Venue is proper in this District under 28 U.S.C. Sections 1391 and 1400(b).  Sonos has a regular and established place of business in this District—specifically, offices and employees located at 550 Montgomery Street, Suite 750, San Francisco, CA 94111.  Sonos lists this San Francisco office on its website (https://www.sonos.com/en-us/contact, a true and correct copy of which is attached as Exhibit 7), and the Sonos office at this location is advertised by Sonos as a current place of business (including in the building's directory in the public lobby).  Sonos has also committed acts of infringement in this District by selling, using, importing, and/or offering for sale its infringing products in this District.

## INTRADISTRICT ASSIGNMENT

19. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

**FIRST CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 11,024,311)**

20. Google incorporates and realleges all of the above paragraphs as though fully set forth herein.

21. U.S. Patent No. 11,024,311, titled "Device Leadership Negotiation Among Voice Interface Devices," was duly and lawfully issued by the United States Patent and Trademark Office on June 1, 2021, and is assigned to Google LLC. A true and correct copy of the '311 patent is attached to this Complaint as Exhibit 1.

22. Google is the owner of all rights, title, and interest in the '311 patent, including the right to bring this suit for past and future damages and/or injunctive relief.

23. The '311 patent is valid and enforceable.

24. Sonos infringes one or more claims of the '311 patent, including but not limited to claims 1-3, 8-12, 14-18, and 20 (the "Asserted '311 Claims"), directly and/or indirectly via induced infringement and/or by contributory infringement. Sonos infringes the Asserted '311 Claims by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States at least Sonos audio player products that include one or more microphones and support Sonos Voice Control, including the Sonos One, Sonos Move, Sonos Roam, Sonos Arc, and Sonos Beam (collectively, the "Accused Voice Products") in violation of 35 U.S.C. §§ 271(a)-(c). On information and belief, the Accused Voice Products satisfy all claim limitations of the asserted claims at the time of importation into and/or sale in the United States.

25. Sonos had knowledge of the '311 patent by no later than the filing of this action.

26. Sonos directly infringes the Asserted '311 Claims by making, using, offering to sell, or selling the Accused Voice Products in the United States and by importing the Accused Voice Products into the United States in violation of 35 U.S.C. Section 271(a). A claim chart illustrating Sonos's infringement of independent claims 1, 10, and 16 of the '311 patent for a representative Accused Voice Product is attached as Exhibit 8.

27. Sonos actively, knowingly, and intentionally induces the infringement of the Asserted '311 Claims by actively encouraging others to make, use, offer to sell, or sell the

Accused Voice Products in the United States and/or import the Accused Voice Products into the United States in violation of 35 U.S.C. Section 271(b).  By at least the filing of this Complaint, Sonos knows (or should know) that its actions will induce (and do induce) users of the Accused Voice Products to directly infringe the Asserted '311 Claims.  For example, Sonos promotes Sonos Voice Control as providing "[f]ast, accurate control of your music and your Sonos System," and as being available "on new voice capable products and as a free update for existing customers."  Ex. 17 (retrieved August 3, 2022), available at https://www.sonos.com/en-us/newsroom/introducing-effortless-listening.

28. Sonos contributorily infringes the Asserted '311 Claims by offering to sell or selling within the United States or importing into the United States the Accused Voice Products (where each of the Accused Voice Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing, by at least the filing of this Complaint, the same to be especially made or especially adapted for use in infringing the '311 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. Section 271(c).

29. Sonos's continued infringement of the '311 patent is willful and deliberate because it knows of the '311 patent and the infringement of that patent no later than the filing of this action, but continues to act despite an objectively high likelihood that such acts will result in infringement of the patent.

30. As the direct and proximate result of Sonos's conduct, Google has suffered and, if Sonos's conduct is not stopped, will continue to suffer, competitive harm, irreparable injury, and damages in an amount to be proven at trial.  Because Google's remedy at law is inadequate, Google seeks, in addition to damages, permanent injunctive relief.  Google's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

## SECOND CAUSE OF ACTION

### (Infringement of U.S. Patent No. 9,812,128)

31. Google incorporates and realleges all of the above paragraphs as though fully set forth herein.

32. U.S. Patent No. 9,812,128, titled "Device Leadership Negotiation Among Voice Interface Devices," was duly and lawfully issued by the United States Patent and Trademark Office on November 7, 2017, and is assigned to Google LLC. A true and correct copy of the '128 patent is attached to this Complaint as Exhibit 2.

33. Google is the owner of all rights, title, and interest in the '128 patent, including the right to bring this suit for past and future damages and/or injunctive relief.

34. The '128 patent is valid and enforceable.

35. Sonos infringes one or more claims of the '128 patent, including but not limited to claims 1-3, 5-8, 10-13, and 15 (the "Asserted '128 Claims"), directly and/or indirectly via induced infringement and/or contributory infringement. Sonos infringes the Asserted '128 Claims by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States at least Sonos audio player products that include one or more microphones and support Sonos Voice Control, including the Accused Voice Products in violation of 35 U.S.C. §§ 271(a)-(c). On information and belief, the Accused Voice Products satisfy all claim limitations of the asserted claims at the time of importation into and/or sale in the United States.

36. Sonos had knowledge of the '128 patent by no later than the filing of this action.

37. Sonos directly infringes the Asserted '128 Claims by making, using, offering to sell, or selling the Accused Voice Products in the United States and by importing the Accused Voice Products into the United States in violation of 35 U.S.C. § 271(a). A claim chart illustrating Sonos's infringement of independent claims 1, 6, and 11 of the '128 patent for a representative Accused Voice Product is attached as Exhibit 18.

38. Sonos actively, knowingly, and intentionally induces the infringement of the Asserted '128 Claims by actively encouraging others to make, use, offer to sell, or sell the Accused Voice Products in the United States and/or import the Accused Voice Products into the

United States in violation of 35 U.S.C. § 271(b).  By at least the filing of this Complaint, Sonos knows (or should know) that its actions will induce (and do induce) users of the Accused Voice Products to directly infringe the Asserted '128 Claims.  For example, Sonos promotes Sonos Voice Control as providing "[f]ast, accurate control of your music and your Sonos System," and as being available "on new voice capable products and as a free update for existing customers."  Ex. 17 (retrieved August 3, 2022) available at https://www.sonos.com/en-us/newsroom/introducing-effortless-listening.

39. Sonos contributorily infringes the Asserted '128 Claims by offering to sell or selling within the United States or importing into the United States the Accused Voice Products (where each of the Accused Voice Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing, by at least the filing of this Complaint, the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

40. Sonos's continued infringement of the '128 patent is willful and deliberate because it knows of the '128 patent and the infringement of that patent no later than the filing of this action, but continues to act despite an objectively high likelihood that such acts will result in infringement of the patent.

41. As the direct and proximate result of Sonos's conduct, Google has suffered and, if Sonos's conduct is not stopped, will continue to suffer, competitive harm, irreparable injury, and damages in an amount to be proven at trial.  Because Google's remedy at law is inadequate, Google seeks, in addition to damages, permanent injunctive relief.  Google's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

## THIRD CAUSE OF ACTION
### (Infringement of U.S. Patent No. 9,632,748)

42. Google incorporates and realleges all of the above paragraphs as though fully set forth herein.

43. U.S. Patent No. 9,632,748, titled "Device Designation for Audio Input Monitoring," was duly and lawfully issued by the United States Patent and Trademark Office on April 25, 2017, and is assigned to Google LLC. A true and correct copy of the '748 patent is attached to this Complaint as Exhibit 3.

44. Google is the owner of all rights, title, and interest in the '748 patent, including the right to bring this suit for past and future damages and/or injunctive relief.

45. The '748 patent is valid and enforceable.

46. Sonos infringes one or more claims of the '748 patent, including but not limited to claims 1-4, 7, 9-12, 14, and 15 (the "Asserted '748 Claims"), directly and/or indirectly via induced infringement and/or by contributory infringement. Sonos infringes the Asserted '748 Claims by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States at least Sonos audio player products that include one or more microphones and support Sonos Voice Control, including the Accused Voice Products in violation of 35 U.S.C. §§ 271(a)-(c). On information and belief, the Accused Voice Products satisfy all claim limitations of the asserted claims at the time of importation into and/or sale in the United States.

47. Sonos had knowledge of the '748 patent by no later than the filing of this action.

48. Sonos directly infringes the Asserted '748 Claims by making, using, offering to sell, or selling the Accused Voice Products in the United States and by importing the Accused Voice Products into the United States in violation of 35 U.S.C. § 271(a). A claim chart illustrating Sonos's infringement of independent claims 1, 7, and 11 of the '748 patent for a representative Accused Voice Product is attached as Exhibit 19.

49. Sonos actively, knowingly, and intentionally induces the infringement of the asserted claims by actively encouraging others to make, use, offer to sell, or sell the Accused Voice Products in the United States and/or import the Accused Voice Products into the United States in violation of 35 U.S.C. § 271(b). By at least the filing of this Complaint, Sonos knows (or should know) that its actions will induce (and do induce) users of the Accused Voice Products to directly infringe the Asserted '748 Claims. For example, Sonos promotes Sonos Voice Control as providing "[f]ast, accurate control of your music and your Sonos System," and as being available

-10-                     Case No. 22-4553
COMPLAINT

"on new voice capable products and as a free update for existing customers." Ex. 17 (retrieved August 3, 2022), available at https://www.sonos.com/en-us/newsroom/introducing-effortless-listening.

50. Sonos contributorily infringes the Asserted '748 Claims by offering to sell or selling within the United States or importing into the United States the Accused Voice Products (where each of the Accused Voice Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing, by at least the filing of this Complaint, the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

51. Sonos's continued infringement of the '748 patent is willful and deliberate because it knows of the '748 patent and the infringement of that patent no later than the filing of this action, but continues to act despite an objectively high likelihood that such acts will result in infringement of the patent.

52. As the direct and proximate result of Sonos's conduct, Google has suffered and, if Sonos's conduct is not stopped, will continue to suffer, competitive harm, irreparable injury, and damages in an amount to be proven at trial. Because Google's remedy at law is inadequate, Google seeks, in addition to damages, permanent injunctive relief. Google's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

**FOURTH CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 11,050,615)**

53. Google incorporates and realleges all of the above paragraphs as though fully set forth herein.

54. U.S. Patent No. 11,050,615, titled "Apparatus and Method for Seamless Commissioning of Wireless Devices," was duly and lawfully issued by the United States Patent and Trademark Office on June 29, 2021, and is assigned to Google LLC. A true and correct copy of the '615 patent is attached to this Complaint as Exhibit 4.

55. Google is the owner of all rights, title, and interest in the '615 patent, including the right to bring this suit for past and future damages and/or injunctive relief.

56. The '615 patent is valid and enforceable.

57. Sonos infringes one or more claims of the '615 patent, including but not limited to claims 1-3, 5-9, 11, 15-17, and 19 (the "Asserted '615 Claims") directly and/or indirectly via induced infringement and/or by contributory infringement. Sonos infringes the Asserted '615 Claims by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States at least Sonos audio player products that support commissioning of the device into a system via short-range transmissions, including the Sonos One, Sonos One SL, Sonos Move, Sonos Roam, Sonos Roam SL, Sonos Five, Sonos Arc, Sonos Beam, and Sonos Ray (collectively, the "Accused Player Products") in violation of 35 U.S.C. §§ 271(a)-(c). On information and belief, the Accused Player Products satisfy all claim limitations of the asserted claims at the time of importation into and/or sale in the United States.

58. Sonos had knowledge of the '615 patent by no later than the filing of this action.

59. Sonos directly infringes the Asserted '615 Claims by making, using, offering to sell, or selling the Accused Player Products in the United States and by importing the Accused Player Products into the United States in violation of 35 U.S.C. § 271(a). A claim chart illustrating Sonos's infringement of independent claims 1, 11, and 16 of the '615 patent for a representative Accused Player Product is attached as Exhibit 20.

60. Sonos actively, knowingly, and intentionally induces the infringement of the Asserted '615 Claims by actively encouraging others to make, use, offer to sell, or sell the Accused Player Products in the United States and/or import the Accused Player Products into the United States in violation of 35 U.S.C. § 271(b). By at least the filing of this Complaint, Sonos knows (or should know) that its actions will induce (and do induce) users of the Accused Player Products to directly infringe the Asserted '615 Claims. For example, Sonos instructs its customers to use its Sonos Roam Speaker to perform the commissioning techniques in an infringing manner. *See* Ex. 24 (retrieved August 3, 2022), available at https://support.sonos.com/s/article/4994.

Sonos's customers and end users of Sonos's infringing products test and/or operate the products in the United States in accordance with Sonos's instructions contained in Sonos's user guides. *Id*.

61. Sonos contributorily infringes the Asserted '615 Claims by offering to sell or selling within the United States or importing into the United States the Accused Player Products (where each of the Accused Player Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing, by at least the filing of this Complaint, the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

62. Sonos's continued infringement of the '615 patent is willful and deliberate because it knows of the '615 patent and the infringement of that patent no later than the filing of this action, but continues to act despite an objectively high likelihood that such acts will result in infringement of the patent.

63. As the direct and proximate result of Sonos's conduct, Google has suffered and, if Sonos's conduct is not stopped, will continue to suffer, competitive harm, irreparable injury, and damages in an amount to be proven at trial. Because Google's remedy at law is inadequate, Google seeks, in addition to damages, permanent injunctive relief. Google's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Google respectfully requests the following relief:

A. Judgment in Google's favor and against Sonos on all causes of action alleged herein;

B. Damages in an amount to be further proven at trial, including trebling of all damages awarded with respect to infringement of the U.S. Patent Nos. 11,024,311, 9,812,128, 9,632,748, and 11,050,615;

C. An injunction prohibiting further infringement of the Asserted Patents by Sonos;

D. Judgment that this is an exceptional case;

     E.     Costs of suit incurred herein;

     F.     Prejudgment interest;

     G.     Attorneys' fees and costs; and

     H.     Such other and further relief as the Court may deem to be just and proper.

DATED: August 8, 2022          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By    */s/ Patrick D. Curran*
     Patrick D. Curran
     Attorneys for GOOGLE LLC

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Google respectfully demands a trial by jury on all issues triable by jury.

DATED: August 8, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Patrick D. Curran*
Patrick D. Curran
Attorneys for GOOGLE LLC