ALYSSA CARIDIS (BAR NO. 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Ste 2700
Los Angeles, CA 90071
Telephone:   (213) 629-2020
Facsimile:    (213) 612-2499

SEAN M. SULLIVAN (*pro hac vice* forthcoming)
sullivan@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   (312) 754-0002
Facsimile:    (312) 754-0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>SONOS, INC.,<br><br>　　　　*Defendant*. | Case No. 3:22-cv-04553-SK<br><br>**DEFENDANT'S NOTICE OF UNOPPOSED MOTION AND MOTION FOR A STAY PENDING ITC PROCEEDING**<br><br>Judge:　　　　Hon. Sallie Kim<br>Hearing Date:　October 17, 2022[1]<br>Hearing Time:　9:30 a.m.<br>Courtroom:　　C – 15th Floor<br><br>Complaint filed: August 8, 2022<br>Trial Date: None Set |

---

[1] In an abundance of caution, Defendant has requested a hearing date in accordance with the Court's typical rules. However, Defendant does not anticipate needing a hearing, nor further briefing beyond this unopposed motion to stay the case pursuant to 28 U.S.C. § 1659.

**NOTICE OF UNOPPOSED MOTION**

PLEASE TAKE NOTICE that, in the event this unopposed motion requires a hearing, on October 17, 2022, or as soon thereafter as the matter may be heard, in Courtroom C of the above entitled Court, located at San Francisco Courthouse, Courtroom C—15th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable Sallie Kim, Defendant Sonos, Inc. ("Sonos") will and hereby does move this Court, pursuant to 28 U.S.C. § 1659(a), to stay Plaintiff Google LLC's ("Google") claims for patent infringement against Sonos pending resolution of *In the Matter of Certain Audio Players and Components Thereof (II)*, Inv. No. 337-TA-1330 (the "1330 Investigation").

Sonos's motion is based on this Notice, the following Memorandum of Points and Authorities, all matters of which the Court may take judicial notice, other pleadings on file in this action, and other written or oral argument that Sonos may present to the Court.

Google has indicated that it does not oppose the Sonos's motion.

**RELIEF REQUESTED**

Sonos requests that the Court stay all proceedings in this action pending resolution of the 1330 Investigation involving the same parties and patents pursuant to the statutory requirements of 28 U.S.C. § 1659.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to 28 U.S.C. § 1659 and this Court's inherent power to control its docket, Sonos respectfully moves for an Order, substantially similar to the proposed order attached hereto, staying the above-captioned matter[2], including all currently-scheduled deadlines, until the determination of the 1330 Investigation becomes final. Google has indicated that it does not oppose this motion. The grounds for this motion are as set forth below.

On August 8, 2022, Google filed the complaint underlying the present action before this Court. Dkt. No. 1. The current deadline for Sonos to answer the complaint is September 20, 2022. Dkt. No. 12. (stipulation extending deadline). The complaint alleges that Sonos infringes United States Patent Nos. 11,024,311, 9,812,128, 9,632,748, and 11,050,615. Dkt. No. 1. One day later, on August 9, 2022, Google filed a complaint in the ITC alleging a violation of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337") based on alleged infringement of the same four patents. The ITC complaint named Sonos as a proposed respondent. The ITC instituted the 1330 Investigation based on this ITC complaint on September 9, 2022. Ex. 1. Thus, at present, Sonos is the sole defendant in this civil action and is also named as the sole respondent in the 1330 Investigation, and all patents that are asserted in this action are also asserted in the 1330 Investigation.

28 U.S.C. § 1659(a) provides as follows: "In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the commission, but only if such request is made within (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later."

---

[2] In requesting a stay, Sonos expressly reserves all of its objections and defenses to Google's complaint, including, without limitation, any defenses based on lack of jurisdiction and improper venue.

Google and Sonos are parties to both this action and the 1330 Investigation, and the two proceedings involve substantially the same issues, namely the alleged infringement of the same four patents (United States Patent Nos. 11,024,311, 9,812,128, 9,632,748, and 11,050,615). This request is timely. The thirty-day period under 28 U.S.C. § 1659(a)(1) did not begin to run until September 9, 2022, the day the ITC instituted the 1330 Investigation and named Sonos as a respondent in its Notice of Investigation. Ex. 1 at 2; 19 C.F.R. § 210.3 (defining "respondent" as "any person named in a notice of investigation"). This motion is unopposed.

Sonos therefore respectfully requests a stay of this civil action in its entirety pending final resolution of the 1330 Investigation, including any and all appeals. This stay extends the time for Sonos to respond to the complaint, including, but not limited to, any defenses based on lack of jurisdiction and improper venue.

Furthermore, as detailed in the attached proposed form of order, upon dissolution of the stay of this civil action, Sonos requests that it have thirty (30) days from the lifting of the stay to move against, answer, or otherwise respond to the complaint.

As set forth in Sonos's proposed order, the parties shall jointly advise the Court of the final decision in the 1330 Investigation no more than fourteen (14) days after the determination of the 1330 Investigation becomes final.

For all of the foregoing reasons, Sonos respectfully requests that, pursuant to 28 U.S.C. § 1659 and the Court's inherent authority, the Court enter an order, substantially similar to the proposed form of order attached hereto, staying this civil action in its entirety as to all patents-in-suit and all parties until a final determination of the 1330 Investigation, providing that Sonos have thirty (30) days to move against, answer, or otherwise respond to the complaint following dissolution of the stay, and otherwise vacating all deadlines in this action until such time as the stay is lifted and new deadlines are established.

| | | |
|---|---|---|
| 1 | Dated: September 10, 2022 | */s/ Alyssa Caridis* |
| 2 | | Attorneys for SONOS INC. |
| 3 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 4 | | *Counsel for Sonos Inc.* |

# EXHIBIT 1

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN AUDIO PLAYERS AND COMPONENTS THEREOF (II)** | Inv. No. 337-TA-1330 |

NOTICE OF INSTITUTION OF INVESTIGATION

Institution of investigation pursuant to 19 U.S.C. 1337

**AGENCY**: U.S. International Trade Commission

**ACTION**: Notice

**SUMMARY**: Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on August 9, 2022, under section 337 of the Tariff Act of 1930, as amended, on behalf of Google LLC of Mountain View, California. A supplement was filed on August 24, 2022. The complaint, as supplemented, alleges violations of section 337 based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain audio players and components thereof by reason of the infringement of certain claims of U.S. Patent No. 11,024,311 ("the '311 patent"); U.S. Patent No. 9,812,128 ("the '128 patent"); U.S. Patent No. 9,632,748 ("the '748 patent"); and U.S. Patent No. 11,050,615 ("the '615 patent"). The complaint further alleges that an industry in the United States exists as required by the applicable Federal Statute.

The complainant requests that the Commission institute an investigation and, after the investigation, issue a limited exclusion order and a cease and a desist order.

**ADDRESSES**: The complaint, except for any confidential information contained therein, may be viewed on the Commission's electronic docket (EDIS) at https://edis.usitc.gov. For help accessing EDIS, please email EDIS3Help@usitc.gov. Hearing impaired individuals are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at (202) 205-2000. General information concerning the Commission may also be obtained by accessing its internet server at https://www.usitc.gov.

**FOR FURTHER INFORMATION CONTACT**: Jessica Mullan, Office of Docket Services, U.S. International Trade Commission, telephone (202) 205-1802.

**SUPPLEMENTARY INFORMATION**:

**AUTHORITY**: The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 C.F.R. 210.10 (2022).

**SCOPE OF INVESTIGATION**: Having considered the complaint, the U.S. International Trade Commission, on September 8, 2022, ORDERED THAT –

(1)  Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain products identified in paragraph (2) by reason of infringement of one or more of claims 1-3, 8-12, 14-18, and 20 of the '311 patent; claims 1-3, 5-8, 10-13, and 15 of the '128 patent; claims 1-4, 7, 9-12, 14, and 15 of the '748 patent; and claims 1-3, 5-9, 11, 15-17, and 19 of the '615 patent, and whether an industry in the United States exists as required by subsection (a)(2) of section 337;

(2)  Pursuant to section 210.10(b)(1) of the Commission's Rules of Practice and Procedure, 19 C.F.R. 210.10(b)(1), the plain language description of the accused products or category of accused products, which defines the scope of the investigation, is "audio player devices – specifically, voice controllable audio player devices and networked audio player devices";

(3)  For the purpose of the investigation so instituted, the following are hereby named as parties upon which this notice of investigation shall be served:

(a)  The complainant is:

Google LLC
1600 Amphitheatre Parkway
Mountain View, CA 94043

(b)  The respondent is the following entity alleged to be in violation of section 337, and is the party upon which the complaint is to be served:

Sonos, Inc.
614 Chapala Street
Santa Barbara, CA 93101

(4)  For the investigation so instituted, the Chief Administrative Law Judge, U.S. International Trade Commission, shall designate the presiding Administrative Law Judge.

The Office of Unfair Import Investigations will not participate as a party in this investigation.

Responses to the complaint and the notice of investigation must be submitted by the named respondent in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 C.F.R. 210.13. Pursuant to 19 C.F.R. 201.16(e) and 210.13(a), as amended in 85 Fed. Reg. 15798 (March 19, 2020), such responses will be considered by the Commission if received not later than 20 days after the date of service by the complainant of the complaint and the notice of investigation. Extensions of time for submitting responses to the complaint and the notice of investigation will not be granted unless good cause therefor is shown.

Failure of the respondent to file a timely response to each allegation in the complaint and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint and this notice and to enter an initial determination and a final determination containing such findings, and may result in the issuance of an exclusion order or a cease and desist order or both directed against the respondent.

By order of the Commission.

Katherine Hiner
Acting Secretary to the Commission

Issued: September 9, 2022